DANIEL G. BOGDEN
United States Attorney

GREG ADDINGTON
Nevada State Bar No. 6875
Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, Nevada 89501
(775) 784-5438

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 3:13-cv-324-LRH-VPC |
|---|---|
| Plaintiff, | UNITED STATES' MEMORANDUM REGARDING RODRIGUEZ AND IN FURTHER OPPOSITION TO MOTION TO SUPPRESS EVIDENCE (#18) |
| v. | |
| $167,070.00 IN UNITED STATES CURRENCY, | |
| Defendant. | |
| STRAUGHN SAMUEL GORMAN, | |
| Claimant. | |

Comes now plaintiff United States of America, through its undersigned counsel, and submits the following memorandum to comply with this Court's Order (#64) entered February 24, 2015.

By Order (#64) dated February 24, 2015, this Court stayed disposition of Gorman's motion to suppress (#18) "until the Supreme Court rules in *Rodriguez v. United States*." In the same Order, this Court directed the parties to submit supplemental briefing within 15 days after the Supreme Court ruled in *Rodriguez.* On April 21, the Supreme Court issued its decision in *Rodriguez,* --S.Ct.--, 2015 WL 1780927 (April 21, 2015). In accordance with this Court's February 24 Order, the United States

1

submits the following memorandum in further opposition to Gorman's motion to suppress. This memorandum is timely filed.

In *Rodriguez*, the Supreme Court held that, absent consent or reasonable suspicion of criminal activity, a traffic stop may not be prolonged beyond the time reasonably needed to complete the tasks tied to the traffic infraction. The Supreme Court further held that an exterior dog sniff of the vehicle is not such a task. Accordingly, absent consent a police officer may not extend a traffic stop beyond the time reasonably needed to perform the "tasks tied to the traffic infraction" unless the police officer has a reasonable suspicion of criminal activity beyond the infraction which prompted the traffic stop.

In March 2012, a Nebraska police officer stopped a vehicle for driving on the shoulder of a highway. Rodriguez (the driver) stated that he had swerved to avoid a pothole. The officer checked Rodriguez's license, registration, and proof of insurance, ran a records check on Rodriguez and his passenger, and wrote Rodriguez a warning ticket. After delivering the warning, the officer asked Rodriguez for consent to walk a drug-sniffing dog around the car. Rodriguez did not consent. The officer then instructed Rodriguez to get out of the car and wait for a second officer to arrive because the first officer did not want to conduct the dog assessment without a back-up officer present. The second officer arrived a few minutes later and the dog alerted to Rodriguez's vehicle. A subsequent search of the vehicle yielded the discovery of a large bag of methamphetamine.

The Supreme Court held that the search violated the Fourth Amendment. The Court explained that "[l]ike a *Terry* stop, the tolerable duration of police enquiries in the traffic-stop context is determined by the seizure's 'mission' – to address the traffic violation that warranted the stop … and attend to related safety concerns..." (cites omitted). The Court held that "[a]uthority for the seizure thus ends when tasks tied to the traffic infraction are – or reasonably should have been – completed." The Court acknowledged that these tasks typically include "checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration

2

and proof of insurance" and, if necessary, issuing a traffic citation. The Court held that a dog sniff of the vehicle – which does not have a "close connection to roadway safety" – is not within the usual mission of the traffic stop because a dog sniff is not part of a legitimate traffic infraction investigation but rather is aimed at detecting evidence of "ordinary criminal wrongdoing"

In *Rodriguez*, the Supreme Court remanded the case for further proceedings to determine "whether reasonable suspicion of criminal activity justified detaining Rodriguez beyond completion of the traffic infraction investigation…"

The central holding of *Rodriguez* is that "[a]n officer, in other words, may conduct certain unrelated checks during an otherwise lawful traffic stop. But…, he may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual."

Nothing in the Supreme Court's decision in *Rodriguez* supports Gorman's motion to suppress evidence in this case or Gorman's theory of an impermissibly prolonged traffic stop. Rather, the decision in *Rodriguez* reinforces the legitimacy of the traffic stop and the legitimacy of the actions taken by Elko County Deputy Sheriff Fisher (ECSO Fisher) during the traffic stop. In this case, the testimony and the video/audio record demonstrated that the records check requested by ECSO Fisher was *still in progress* at the time of the exterior canine sniff of the motorhome. Accordingly, the exterior canine sniff of the motorhome did not prolong the traffic stop beyond the time reasonably needed to complete the tasks which the Supreme Court acknowledged to be routine tasks incident to a traffic stop.

Since the traffic stop initiated by ECSO Fisher was not prolonged *in any manner* by the exterior dog sniff because the dog sniff occurred while the records check was still in progress, there is no need to determine whether any further detention was justified by reasonable suspicion of criminal activity. Simply stated, there was no detention which needs to be justified other than the brief detention which was permissible in order to complete the legitimate traffic stop tasks. Prior to the positive dog alert (which provided the requisite probable cause for the search of the motorhome), Gorman was not

3

detained for any reason or for any period of time other than to complete the ordinary tasks tied to the observed traffic infraction. Accordingly, Gorman was not improperly detained at any time during the traffic stop or during the subsequent search of the traffic stop.

Moreover, there was no unreasonable delay in processing the ordinary traffic stop tasks prior to the dog alert. Gorman acknowledges that the dog alert occurred 12 minutes after the traffic stop was initiated. In *United States v. Turvin*, 517 F.3d 1097, 1101-02 (9th Cir. 2008), the Ninth Circuit expressly rejected the notion that a 14-minute traffic stop might be unreasonable stating that no hearing was necessary to "demonstrate the sensible observation that fourteen minutes is not unreasonably long for a traffic stop."

The United States refers to its supplemental memorandum (#62) filed January 30, 2015, for a comprehensive discussion of the evidence presented at the December 15-16 evidentiary hearing and the arguments opposing Gorman's motion to suppress. Based on the foregoing, Gorman's motion to suppress evidence (#18) should be denied.

    Respectfully submitted,

    DANIEL G. BOGDEN
    United States Attorney

    __/s/ Greg Addington_____
    GREG ADDINGTON
    Assistant United States Attorney

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing UNITED STATES' MEMORANDUM REGARDING RODRIGUEZ AND IN FURTHER OPPOSITION TO MOTION TO SUPPRESS EVIDENCE (#18) was made through the Court's electronic filing and notice system (CM/ECF) or, as appropriate, by sending a copy of the same by first class mail, addressed to the following addresses, on this 6th day of May, 2015.

> Vincent Savarese III, Esq.
> Michael V. Cristalli, Esq.
> 410 South Rampart Blvd., Suite 420
> Las Vegas, NV  89145

    /s/ Greg Addington
    GREG ADDINGTON