GENTILE CRISTALLI MILLER
ARMENI & SAVARESE
MICHAEL V. CRISTALLI
Nevada Bar No. 6266
Email: mcristalli@gentilecristalli.com
VINCENT SAVARESE III
Nevada Bar No. 2467
Email: vsavarese@gentilecristalli.com
410 South Rampart Blvd., Suite 420
Las Vegas, Nevada 89145
Tel: (702) 880-0000
Fax: (702) 778-9709
Attorneys for Claimant, Straughn Samuel Gorman

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>167,070.00 IN UNITED STATES CURRENCY,<br><br>            Defendant.<br><br>STRAUGHN SAMUEL GORMAN,<br><br>            Claimant/Real Party in Interest. | CASE NO. 3:13-CV-00324-LRHVPC |

**CLAIMANT'S REPLY TO THE UNITED STATES' OBJECTION TO "ERRATA"**

Claimant, Straughn Samuel Gorman, ("Claimant" or "Mr. Gorman"), by and through his attorneys of record, Michael V. Cristalli, Esq., and Vincent Savarese III, Esq., of the law firm of Gentile Cristalli Miller Armeni & Savarese ("GCMAS") hereby files his Reply to the United States' Objection to "Errata" (the "Reply").

/ / /

/ / /

/ / /

/ / /

/ / /

1

1    This Reply is based upon the following Memorandum of Points and Authorities, the attached exhibits, the pleadings and papers on file herein, and any oral argument this Court may permit.

DATED this 13th day of July, 2015.

>           GORDON SILVER
>
>           /s/ Vincent Savarese III
>           MICHAEL V. CRISTALLI
>           Nevada Bar No. 6266
>           VINCENT SAVARESE III
>           Nevada Bar No. 2467
>           410 S. Rampart Blvd., Suite 420
>           Las Vegas, Nevada  89145
>           Tel: (702) 880-0000
>           Fax: (702) 778-9709
>           Attorneys for Claimant, Straughn Samuel Gorman

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government has filed its brazen "United States' Objection to "Errata" (the "Objection"), wherein it questions the veracity of the representations in "Claimant's Straughn Samuel Gorman's Errata to Motion for Attorney's Fees and Costs and Request for Relief" (the "Errata"); and attributes a sinister scheme to the immediate efforts of Claimant's counsel to expeditiously remedy what was a demonstrably honest mistake. [Dkt. 80]. The government's allegations fall flat before the mountain of evidence demonstrating that a simple clerical error occurred here.

The Errata details that the Motion for Attorney's Fees and Costs and supporting declaration of Mr. Savarese clearly contemplate that the motion would include Gordon Silver's redacted billing entries. [*See* Dkt. 73 at p.8:21-23 ("Counsel's redacted billing entries are attached hereto as Exhibit 1-A and 1-B."); Dkt 73-1 at par. 8 ("Attached hereto as Exhibit 1-A is a true and correct copy of a redacted ledger of the fees incurred by Mr. Gorman from the law firm of Gordon Silver")]. Moreover, the Motion for Attorney's Fees and Costs included detailed breakdowns of the billing entries. Exhibit 1-B was in fact another set of invoices. There was no attempt to conceal Mr. Gorman's counsels' invoices. As soon as Mr. Gorman learned of the error, he contacted Assistant United States Attorney Addington and provided him with the

corrected Exhibit 1-A.

Nonetheless, the apparent thrust of the government's Objection is that no error was made and that Mr. Gorman is now attempting to cover his tracks. Indeed, the government contends that "Gorman's so-called 'errata' rests on a facially false premise." [Dkt. 80 at p. 3:1]. AUSA Addington then employs ad homonym attacks upon Claimant's counsel; arguing that "Gorman's so-called 'errata' represents an **improper scheme** by Gorman to correct deficiencies in his motion." [Id. at 3:14-15(emphasis added)]. Of course, the government has no factual basis whatsoever upon which to claim that Mr. Gorman was involved in any "scheme" to mislead the United States, and a plain review of the motion indicates that the redacted billing entries were intended to have been included as Exhibit 1-A. In fact, had Mr. Addington contacted Mr. Gorman's counsel when this obvious clerical error was first discovered—as opposed to trying to unabashedly capitalize on a simple, honest mistake—Mr. Gorman's counsel would have immediately corrected the error.

The undersigned take their FRCP 11 obligations seriously, and therefore respectfully submit the following facts and exhibits. On June 26, 2015, the intended attachments to the Motion for Attorney's Fees and Costs [Dkt. 73] were emailed by Mr. Ciciliano to Mr. Savarese and his assistant for filing. (*See* a true and correct copy of the email attached hereto as Exhibit A-1, excluding the Declaration of Vincent Savarese in support of Attorney's Fees). Exhibit 1-A thereto is clearly the redacted billing entries. That same day, the exhibits to the Bill of Costs were sent to Mr. Savarese's assistant for filing. (*See* a true and correct copy of the email attached hereto as Exhibit A-2, excluding the Declaration of Vincent Savarese in support of Bills of Costs). It is clear that Exhibit 1-A from the Bill of Costs was inadvertently substituted for Exhibit 1-A of the Motion for Attorney's Fees. Given that the United States challenges the veracity of the Errata, an electronic copy of the emails will be sent to the Court for in camera review. After the error was identified—which did not occur until after the Opposition was filed, an email was immediately sent to the United States that included a copy of the billing statements. (A true and correct copy of the July 11, 2015, email is attached hereto as Exhibit A-3). The metadata from those attached statements shows that the file was last edited on the day the motion

1  was filed, June 26, 2015 at 11:54.37 a.m. (Ciciliano Decl., attached hereto as Exhibit A, at ¶ 8). Based on the foregoing, there is no doubt that the error described in the Errata was innocent and that a mistake occurred.

There is also no incurable prejudice to the United States as a result of the Errata. As set forth in the Errata, Mr. Gorman at once reached out to Mr. Addington and immediately offered an extension of time for the filing of the government's Opposition. While counsel for Mr. Gorman sincerely regret and apologize for the inconvenience engendered by this error and wish that they had identified it prior to the Opposition being filed, Mr. Gorman's counsel acted to immediately remedy the error as soon as it was brought to their attention. Moreover, the effort undertaken by the government to research the sufficiency of billing entries is not wasted, as it is applicable to the bills submitted in the Errata. On the other hand, it would be manifestly unjust to Mr. Gorman to deny his Motion for Attorney's Fees out of hand as Mr. Addington would have the Court do on the basis of a simple and readily-remedied clerical error.  Rather, a reasonable accommodation to remedy an honest mistake would be to allow the United States additional time to oppose the motion for fees, which Mr. Gorman would most respectfully request.

DATED this 13th day of July, 2015.

GORDON SILVER

/s/ Vincent Savarese III
MICHAEL V. CRISTALLI
Nevada Bar No. 6266
VINCENT SAVARESE III
Nevada Bar No. 2467
410 S. Rampart Blvd., Suite 420
Las Vegas, Nevada  89145
Tel: (702) 880-0000
Fax: (702) 778-9709
Attorneys for Claimant, Straughn Samuel Gorman

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of July, 2015, I electronically filed the **CLAIMANT'S REPLY TO THE UNITED STATES' OBJECTION TO "ERRATA"** with the Clerk of the Court for the United States District Court for the District of Nevada by using the CM/ECF system which will send notification of such filing(s) to the following:

greg.addington@usdoj.gov;
elizabeth.pantner@usdoj.gov; and
joanie.silvershield@usdoj.gov

/s/Myra Hyde
An employee of
Gentile Cristalli Miller Armeni & Savarese

4