UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br> v.<br><br>$167,070.00 IN UNITED STATES CURRENCY,<br><br>        Defendant.<br><br>STRAUGHN SAMUEL GORMAN,<br><br>        Claimant. | 3:13-CV-00324-LRH-VPC<br><br>ORDER |

On June 12, 2015, the Court granted Gorman's Motion to Suppress after finding that the traffic stop that yielded discovery of Defendant currency was unreasonably prolonged without independent reasonable suspicion to justify the dual prolongations. Doc. #72.[1] The Court added at the time that the funds must be returned to Gorman or his designee within thirty days of the Order. *Id.* The government subsequently filed a Motion to Stay the Order directing that the funds be returned while the government determined whether to file an appeal. Doc. #75. On July 7, 2015, the Court stayed its directive to return Defendant currency to Gorman or his designee until after the Court entered final judgment pursuant to 28 U.S.C. § 2465(a). Doc. #76. The Court added: "At that time, the government should return Gorman's funds forthwith, and that period shall not exceed

---

[1] Refers to the Court's docket number.

thirty (30) days." *Id.*  The Court noted that it would not enter judgment until it decided Gorman's Motion for Attorney Fees.  *Id.*  The government filed a Notice of Appeal on August 11, 2015, and Gorman filed his Notice of Appeal on August 25, 2015.  Doc. #86; Doc. #91.  The Court granted Gorman's Motion for Attorney Fees on August 25, 2015.  Doc. #90.

I.  **Discussion**

   A.  **Judgment**

The Civil Asset Forfeiture Reform Act ("CAFRA") provides that for a successful claimant, "[u]pon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested . . . such property shall be returned forthwith to the claimant or his agent."  28 U.S.C. § 2465(a).  The Court has granted Gorman's Motion to Suppress and Motion for Attorney Fees, and there are no other pending matters before this Court.  Accordingly, the Court hereby enters judgment in favor of Gorman.

   B.  **Stay Pending Appeal**

The government previously argued that issuance of a stay pending appeal is mandatory if necessary to preserve the value of the property.  Doc. #75 at 3.  This argument is based on the language of 28 U.S.C. § 1355(c), which provides that when a civil forfeiture proceeding is appealed:

> Upon motion of the appealing party, the district court or the court of appeals shall issue any order necessary to preserve the right of the appealing party to the full value of the property at issue, including a stay of the judgment of the district court pending appeal or requiring the prevailing party to post an appeal bond.

The Ninth Circuit Court of Appeals has not interpreted this language, but the circuit and district courts that have analyzed § 1355(c) have uniformly found that the statute does not require district courts to grant appellant's motion to stay.  *See, e.g.*, *United States v. Various Tracts of Land in Muskogee and Cherokee Cntys.*, 74 F.3d 197, 198 (10th Cir. 1996) (finding that courts must still undergo the four-part test articulated in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *In re All Funds in Accounts in Names Registry Pub., Inc.*, 58 F.3d 855, 856 (2d Cir. 1995) (favoring a

2

similar four-part test); *United States v. $1,026,781.61 in Funds from Fla. Capital Bank*, No. 09-4381, 2013 WL 781930, at *1 (C.D. Cal. Mar. 1, 2013) (same).

The Court agrees that § 1355(c) does not mandate granting a motion to stay simply upon the government's request. Rather, courts must consider: "(1) the likelihood of success on the merits; (2) whether the moving party will suffer irreparable injury if a stay is denied; (3) whether the opposing party will suffer substantial injury if a stay is issued; and (4) the public interest." *$1,026,781.61 in Funds*, 2013 WL 781930, at *1. The first factor—likelihood of success on the merits—does not require the district court to change its mind or conclude that its reasoning was erroneous. Rather, "the court must determine whether there is a strong likelihood that the issues presented on appeal could be rationally resolved in favor of the party seeking the stay." *Id*. The Court's Order granting Gorman's Motion to Suppress described in detail its determination that Gorman's stop was unreasonably prolonged without independent reasonable suspicion. Doc. #72 at 11-20. The Court believes this to be correct but acknowledges that rational minds may differ, especially in light of the complicated facts underlying this case and ever-changing Fourth Amendment case law. Accordingly, this factor weighs in favor of stay.

Second, it is possible that the government would suffer irreparable injury—permanent loss of the $167,000.00—if the funds are returned to Gorman. The Court is concerned that the potential for such irreparable injury is speculative. *See Various Tracts of Land in Muskogee and Cherokee Cntys.*, 74 F.3d at 198 (finding that conclusory arguments are insufficient to demonstrate irreparable injury). Nevertheless, the Court finds that this factor favors stay.

Third, the Court is not convinced that Gorman would suffer substantial injury if the stay remains in effect. Courts generally find that this factor only weighs strongly in favor of the claimant when the stakes of not returning the funds are high, such as where businesses would be ruined by a stay. *See In re All Funds*, 58 F.3d at 856 (denying motion to stay despite potential for irreparable harm to the government because stay would likely bankrupt claimant companies); *United States v. $1,399,313.74 in U.S. Currency*, 613 F. Supp. 2d 433, 436 (S.D.N.Y. 2009)

3

(denying motion to stay where claimant company needed funds to save the business and avoid losing personnel). Although Gorman may suffer some harm due to the continued delay in return of the seized funds, this potential harm is not so substantial to justify lifting the stay.

Fourth, the public interest favors Gorman.  Gorman's funds were seized following a clear subterfuge stop in which multiple law enforcement agencies collaborated to prolong Gorman's seizure until they developed reasonable suspicion to justify a dog sniff.  The Supreme Court has held that such prolongations are not permissible unless they are supported by independent reasonable suspicion. *Rodriguez v. United States*, 135 S. Ct. 1609, 1615 (2015).  The Court has found that no such independent reasonable suspicion existed here. Doc. #72 at 16-20. Accordingly, the public interest favors returning the seized funds. *See In re All Funds*, 58 F.3d at 856 (finding that public interest weighs against the government when there is a lack of probable cause to justify the seizure); *$1,399,313.74 in U.S. Currency*, 613 F. Supp. 2d at 436 (finding that public interest weighs against the government "when the Government has failed to support a reasonable belief that the funds are subject to forfeiture").

As discussed above, the first three factors favor stay, and the fourth factor favors denying the stay.  The Court therefore finds that the balance of these factors favor continuing to stay the Court's directive that the seized funds be returned to Gorman forthwith.  The Court therefore orders that the stay entered on July 7, 2015, shall remain in effect pending the government's appeal.

### C. Interest

CAFRA provides that in cases involving seized currency, the claimant can recover post-judgment interest "as set forth in [28 U.S.C. §] 1961." 28 U.S.C. § 2456(b)(1)(B).  Such post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.* § 1961(a).  A successful claimant is also entitled to "(i) interest actually paid to the United States from the date of seizure . . . that resulted from the investment of the property in an

interest bearing account . . . and (ii) an imputed amount of interest that such currency . . . would have earned at the rate applicable to the 30-day Treasury bill for any period during which no interest was paid . . . commencing 15 days after the property was seized." *Id.* § 2465(b)(1)(C)(I)-(ii). The pre- and post-judgment interest articulated by CAFRA shall be applied to the seized funds during appeal.

## II.   Conclusion

IT IS THEREFORE ORDERED that the Clerk of Court shall enter judgment in favor of Gorman.

IT IS FURTHER ORDERED that the Court's Order that the government return funds to Gorman remains STAYED pending the Ninth Circuit's consideration of the government's appeal.

IT IS FURTHER ORDERED that during appeal, the seized funds shall accrue (1) interest from the date of seizure calculated pursuant to 28 U.S.C. § 2465(b)(1)(C)(I)-(ii); and (2) post-judgment interest as set forth in 28 U.S.C. § 1961.

IT IS SO ORDERED.

DATED 10th day of September, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE